UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| STEPHANIE ELIZABETH GARCIA, JOEL GARCIA, CHRISTINA SMITH, and BRIAN SMITH, | Case No. 1:05-CV-534 |
| Plaintiffs, | |
| v. | Hon. Richard Alan Enslen |
| KEVIN JAY DYKSTRA, JOHN DOE NUMBER 1, JOHN DOE NUMBER 2, PAUL SMUTZ, JASON CHRISTIAN PAVLIGE and FRUITPORT CHARTER TOWNSHIP, | **ORDER** |
| Defendants. _____/ | |

This matter is before the Court on Plaintiffs Stephanie Elizabeth Garcia, Joel Garcia, Christina Smith and Brian Smith's Motion for Default Judgment against Defendant Kevin Jay Dykstra as well as Defendant Dykstra's Motion to Set Aside Default and Amended Motion to Set Aside Default. These motions relate to a recently filed action brought under 42 U.S.C. § 1983. Oral argument as to the motions is unnecessary.

A motion to set aside the entry of a default is expressly permitted under Federal Rule of Civil Procedure 55(c). "[T]he district court enjoys considerable latitude under the 'good cause shown' standard" of Rule 55(c) to grant a defendant relief from a default entry. *Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see also Mfrs.' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 208 (6th Cir. 1995) (recognizing that motions to set aside defaults are to be liberally granted). This policy of the Federal Rules is particularly important since

the Rules strongly favor resolution of controversies on the merits. *United States v. Real Property, All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999); *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986).

In exercising its discretion, the district court is to consider three factors: (1) whether plaintiffs would be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant caused the default. *Mfrs.' Indus. Relations Ass'n*, 58 F.3d at 209; *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).

In this case, the default was entered shortly after Defendant Dykstra failed to answer. Defendant's failure was due to innocent mistake, *i.e.,* he mistakenly believed that he was being represented by counsel hired by Fruitport Township because of conversations with Fruitport Township officials. (Kevin Dykstra Aff. ¶ 21.) Upon learning of his mistake, Defendant promptly hired an attorney who then moved to set aside the default. (*Id.* ¶¶ 24-25.) There is no indication that Plaintiffs will suffer prejudice if the default is set aside. Defendant appears to have a meritorious defense. (*Id.* ¶¶ 2-8.) Further, Defendant's conduct in causing the default was not culpable nor motivated by an intent to delay. As such, the default will be set aside.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Kevin Jay Dykstra's Motion and Amended Motion to Set Aside Default (Dkt. Nos. 14 & 17) are **GRANTED** and said default (Dkt. No. 6) is **HEREBY SET ASIDE**.

**IT IS FURTHER ORDERED** that Plaintiffs Stephanie Elizabeth Garcia, Joel Garcia, Christina Smith and Brian Smith's Motion for Default Judgment (Dkt. No. 19) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 5, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |