UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

STEPHANIE ELIZABETH GARCIA,
*et al.*,

  Plaintiffs and Counter-Defendants,

v.

KEVIN JAY DYKSTRA,

  Defendant and Counter-Plaintiff,

and

FRUITPORT CHARTER TOWNSHIP,
*et al.*,

  Defendants.
_____/

Case No. 1:05-CV-534

Hon. Richard Alan Enslen

**ORDER TO SHOW CAUSE**

      Defendants Paul Smutz, Jason Christian Pavlige, and Fruitport Charter Township have moved to bifurcate trial. The Court will deny such motion without prejudice because it appears that this suit is ripe for a more expedited resolution.

      Plaintiffs Stephanie Garcia, Joel Garcia, Christina Smith and Brian Smith have filed a Corrected First Amended Complaint asserting claims under 42 U.S.C. § 1983 and state law. This suit arises out of a fraudulent contract between the Garcias and the Dykstras; that is, it is admitted in the Corrected Amended Complaint that the parties entered into a fraudulent business sale agreement for lawn care equipment inventory which misstated the consideration in the sale agreement (for the apparent purpose of avoiding transfer taxes or otherwise frustrating state or federal legal requirements). (*See* Corr. Am. Compl. ¶ 27.) A significant part of the sale was a motor

vehicle trailer of which the Garcias took possession, but title was never delivered or transferred. (*Id.* ¶ 37.) Other property was also transferred in connection with the agreement and stored in S storage unit rented by Stephanie Garcia. It is further alleged that Defendants Paul Smutz, Jason Christian Pavlige, and Fruitport Charter Township were present at the storage unit facility when Defendant Dykstra and other Defendants (but not law enforcement Defendants) broke the lock on the storage locker and recovered the transferred property. (*Id.* ¶¶ 71-73.) Given such allegations, it appears that all federal claims and state law claims should be dismissed for the following reasons:

>  (1)  Plaintiffs lack standing, *see United States v. Davis*, 430 F.3d 345, 360 (6th Cir. 2005); *United States v. Graham*, 391 F.2d 439, 442 (6th Cir. 1968), to complain about the seizure of the sold goods because the entire sale transaction was void as a matter of law and ineffective in conveying a property right given the noncompliance with Michigan's vehicle title provisions, *see* Mich. Comp. Law § 257.216 (trailers are subject to motor vehicle sale requirements); Mich. Comp. Laws § 257.37 (seller must sign and deliver title); *Bayer v. Jackson City Bank & Trust Co.,* 55 N.W.2d 746, 750 (Mich. 1952) (failure to comply with title transfer provisions renders transaction void); *Whitcraft v. Wolfe,* 384 N.W.2d 400, 404 (Mich. Ct. App. 1985) (same); *William G. Wilcox, D.O., P.C. E'ees' Defined Ben. Pension Trust v. United States*, 888 F.2d 1111, 1116 (6th Cir. 1989) (same);
>
>  (2)  The breaking, entry and search of the storage locker and seizure of goods cannot create Fourth Amendment or Fourteenth Amendment liability for police because it was done by private actors and not the police, *see United States v. Coleman*, 628 F.2d 961, 964 (6th Cir. 1980) (private seizure does not violate Fourth Amendment, even though police officers present); *Jones v. Reynolds,* 438 F.3d 685, 690 (6th Cir. 2006) (same rule as to Fourteenth Amendment, citing *DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 195 (1989));
>
>  (3) Plaintiffs' Fourteenth Amendment due process claim must fail because of Plaintiffs' lack of property interest in the goods at issue, *see Almario v. Attorney Gen.*, 872 F.2d 147, 151 (6th Cir. 1989); *Bailey v. Floyd County Bd. of Educ.,* 106 F.3d 135, 141 (6th Cir. 1997);
>
>  (4) Plaintiffs' Fourteenth Amendment procedural due process claim is not ripe because of a lack of a showing of exhaustion of or unavailability of state remedies, *see Hahn v. Star Bank,* 190 F.3d 708, 716 (6th Cir. 1999);
>
>  (5) A "substantive due process" claim does not lie because of the applicability of the Takings Clause, *see Montgomery v. Carter County, Tenn.*, 226 F.3d 758, 769 (6th Cir. 2000) (citing

*Graham v. Connor,* 490 U.S. 386, 394-95 (1989));

(6) Even assuming a Fourth or Fourteenth Amendment violation, Defendant Fruitport Charter Township would not be liable for such because it did not facilitate the violation by any actual or *de facto* policy, *see Miller v. Calhoun County*, 408 F.3d 803, 813-14 (6th Cir. 2005);

(7) Even assuming a Fourth or Fourteenth Amendment violation, the individual officer Defendants would not be liable for such violation given the protections of qualified immunity and the uncertainty of the supposed violation, *see Anderson v. Creighton,* 483 U.S. 635, 641 (1987); *Young v. Harrison*, 284 F.3d 863, 869-70 (8th Cir. 2002); and,

(8) All state law claims, including counterclaims should be dismissed, under 28 U.S.C. § 1367(c)(3), upon the dismissal of the federal claims.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Paul Smutz, Jason Christian Pavlige, and Fruitport Charter Township's Motion to Bifurcate (Dkt. No. 77) is **DENIED without prejudice** to later motion.

**IT IS FURTHER ORDERED** that any party objecting to the dismissal of all federal claims with prejudice and dismissal of all state law claims, including counterclaims, without prejudice, shall file written objections and supporting brief within 14 days of this Order.

**IT IS FURTHER ORDERED** that any response to objections shall be filed within 14 days of said objections.

DATED in Kalamazoo, MI:  
June 30, 2006

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE